UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHNNY A RIBEIRO, JR., et al.,

    Plaintiffs,

v.

BANK OF AMERICA, N.A.,

    Defendants.

2:12-CV-337 JCM (PAL)

**ORDER**

Presently before the court is plaintiffs Johnny A. Ribeiro, Jr., et. al.'s emergency motion for temporary restraining order and preliminary injunction. (Doc. #1, Ex. 2). Plaintiffs filed the complaint and motion for temporary restraining order in state court on February 22, 2012. (Doc. #1, Exs. 1 and 1). The state court granted plaintiffs' motion for temporary restraining order and set a briefing schedule for the preliminary injunction motion on February 23, 2012. (Doc. #1, Ex. 3). Defendant Bank of America, N.A. removed this case to federal court on February 29, 2012, and filed an opposition to the motion for preliminary injunction. (Docs. #1 and #2). Plaintiffs did not file a reply.

This litigation deals with loans for two groups of properties located near the intersection of Spring Mountain Road and Highland Drive in Clark County, Nevada: (1) a loan for $6,700,000.00 secured by real property the parties have designated as the "group 1 property," and (2) a loan for $4,250,000.00 secured by real property the parties have designated as the "group 2 property." (Docs. #1, Ex. 2 and #2). The group 1 property and the group 2 property are part of a larger mixed-use

1  development, and plaintiffs assert that these properties "represent an integral part of the total
2  assemblage." (Doc. #1, Ex. 2).

3  In August 2011, defendant recorded notices of breach and election to sell under deed of trust
4  for both the group 1 and group 2 properties. (Doc. #2, Exs. 21 and 32). On February 3, 2012,
5  defendant recorded a notice of trustee's sale for the group 1 property, scheduling the sale for
6  February 24, 2012. (Doc. #2, Ex. 28). On the same date, defendant recorded a notice of trustee's
7  sale for the group 2 property, scheduling the sale for February 24, 2012. (Doc. #2, Ex. 38).
8  Defendant subsequently postponed the February 24, 2012, trustee's sales. (Doc. #2, Exs. 29 and 39).

9  Plaintiffs first dispute that they are in breach of the loan agreements and state that the
10 foreclosure sales are improper. Next, plaintiffs allege that they are in negotiations with U.S. Bank
11 to refinance the debt owed to defendant. Therefore, plaintiffs move the court to enjoin defendant
12 from proceeding with the foreclosure of the group 1 and group 2 properties "pending either (1) an
13 adjudication of the amounts due and owing to the [d]efendant, if any; and/or (2) the refinancing of
14 said properties and the payment of the debt owed to the [d]efendant." (Doc. #1, Ex. 2).

15 Pursuant to Federal Rule of Civil Procedure 65, a court can grant preliminary injunctive relief
16 only with notice to the adverse party. The Supreme Court has stated that federal courts must
17 consider the following factors in determining whether to issue a temporary restraining order and
18 preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury
19 if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public
20 interest. *Winter v. Nat. Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). To obtain a
21 injunctive relief, the moving party must "demonstrate that [its] remedy at law [is] inadequate."
22 *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994).

23 **I.   Likelihood of success**

24 To succeed in their motion for preliminary injunction, plaintiffs must demonstrate a
25 likelihood of success on the merits. *Winter*, 555 U.S. at 20. In the instant motion, plaintiffs have
26 not demonstrated a likelihood of success on the merits.

27
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Plaintiffs allege that they are not in default on the loans. The only evidentiary support for
2  this assertion is an affidavit by Johnny A. Ribeiro, Jr. (Doc. #1, Ex. 2). In contrast, defendant has
3  provided the court with ample evidentiary support of the default and defendant's right to foreclose
4  on the loans. (*See* Doc. #2 and attached exhibits). Based on the showing now before the court,
5  plaintiffs have failed to demonstrate a likelihood of success on the merits.

## II. Irreparable harm

Similarly, plaintiffs must demonstrate a likelihood of irreparable injury absent the requested injunctive relief. *Winter*, 555 U.S. at 20. Here, plaintiffs allege that they will be irreparably harmed if the trustee's sales occur because (1) they will lose their ownership interest in real property, which is unique, and (2) they will lose the special zoning obtained for the larger mixed-use development. (Doc. #1, Ex. 2).

In this case, the properties at issue are investment properties rather than residential properties. Therefore, the threatened economic loss "is compensable in large part, if not entirely, in damages. 'Mere financial injury . . . will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation.'" *Geneva Ltd. Partners v. Kemp*, 779 F. Supp. 1237, 1241 (N.D. Cal. 1990) (quoting *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 471 (9th Cir. 1984)). Accordingly, plaintiffs have not demonstrated irreparable harm.

## III. Balance of hardships

Plaintiffs also have not established that the balance of hardships weighs in their favor. Plaintiffs assert: (1) they have built a successful business through great effort and expense; (2) if the sale is not enjoined they will suffer the loss of their business; and (3) defendant will not suffer harm if the foreclosures are stayed. (Doc. #1, Ex. 2).

In opposition, defendant notes that plaintiffs owe over $9,830,000.00 on these loans and have been in default since July 2011. Further, defendant has already postponed the foreclosure sales four times, and plaintiffs are still in default. Finally, defendant notes that the foreclosure documents specifically give defendant the right to foreclose if plaintiffs default on the loan. (Doc. #2).

James C. Mahan
U.S. District Judge

- 3 -

1     The balance of hardships does not weigh in favor of plaintiffs. Based on the evidence now before the court, defendant has the right to foreclose on the properties and has already delayed the sales four times. Accordingly, this factor weighs against granting the preliminary injunction.

### **Conclusion**

After weighing the four *Winter* factors, 555 U.S. at 20, the court finds that granting plaintiffs' motion for temporary restraining order and preliminary injunction is not appropriate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Johnny A. Ribeiro, Jr., et. al.'s emergency motion for temporary restraining order and preliminary injunction (doc. #1, ex. 2) be, and the same hereby is, DENIED.

DATED March 6, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -